FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 SEP -4  PM 12: 25

CLERK OF COURT

Jerry J. Jarzombek
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CATHERINE A. LaBREC and DAVID J. LaBREC,<br><br>Plaintiffs,<br><br>vs.<br><br>CREDITONE, LLC,<br><br>Defendant. | § § § § § § § § § § § § § § | Civil Action No.<br><br>**4-09 CV-523-A**<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.     Plaintiffs, Catherine A. LaBrec and David J. LaBrec, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA and the TDCA.

2. Defendant, Creditone, LLC ("CreditOne") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Bassett Furniture Direct. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. CreditOne characterizes the Debt as a "consumer loan," and it certainly was, as the nature of the Debt involved the purchase of home furnishings.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendant transacts business here.

### Parties

5. Plaintiffs are each a citizen of the State of Texas. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. CreditOne is an entity engaged in the business of collecting consumer debts, after default, in the Northern District of Texas. The principal purpose of CreditOne's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts, which it has acquired, after default. CreditOne is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). CreditOne is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

7. On or about May 6, 2000, Plaintiffs entered into a consumer transaction with Bassett Furniture Direct for the purchase of furniture for their home. The credit for the purchase was extended by American General Bank.

8. Subsequently, a dispute arose over a finance charge of $826.56, allegedly due American General Bank. By check dated May 2, 2002, Plaintiff, David J. LaBrec, paid American General bank the sum of $2,691.99. Notations on the front of that check included the account number and the statement "balance on accounts in full." The back of the check contained a restrictive endorsement: "by execution hereof, you agree that the disputed finance charge of $856.26 on the account shown on the front has been compromised and settled for all purposes and in all respects."

9. American General Bank accepted the check, which was paid by Plaintiffs' bank.

10. Texas Business & Commerce Code addresses this issue:

> ACCORD AND SATISFACTION BY USE OF INSTRUMENT. (a) Subsections (b)-(d) apply if a person against whom a claim is asserted proves that:
> (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim;
> (2) the amount of the claim was unliquidated or subject to a bona fide dispute; and
> (3) the claimant obtained payment of the instrument.
> (b) Unless Subsection (c) applies, the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.
> (c) Subject to Subsection (d), a claim is not discharged under Subsection (b) if either of the following applies:

> (1) The claimant, if an organization, proves that:
> (A) within a reasonable time before the tender, the claimant sent a conspicuous statement to the person against whom the claim is asserted that communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to a designated person, office, or place; and
> (B) the instrument or accompanying communication was not received by that designated person, office, or place.
> (2) The claimant, whether or not an organization, proves that within 90 days after payment of the instrument, the claimant tendered repayment of the amount of the instrument to the person against whom the claim is asserted. This subdivision does not apply if the claimant is an organization that sent a statement complying with Subdivision (1)(A).
>
> (d) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.

11. American General Bank ignored Plaintiffs' dispute, and contended that the accord and satisfaction described in the Texas Business and Commerce Code did not apply. Plaintiffs continued to dispute the debt. Ultimately, American General Bank obtained the services of CreditOne to collect the Debt.

12. By letter dated June 4, 2007, David J. LaBrec advised CreditOne of his dispute and the settlement of the Debt by accord and satisfaction. The letter also advised CreditOne that he represented Catherine A LaBrec.

13. CreditOne continued to communicate with Plaintiff, Catherine A. LaBrec, despite the June 4, 2007 correspondence that she was represented by counsel. The communications were duns, sent by CreditOne on several occasions, including April 2, 2009.

14. Plaintiff, David J. LaBrec, also continued to receive dunning notices, despite his continued dispute of the Debt. The dates of the duns included November 11, 2008 and February 11, 2009.

15. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

16. The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

17. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of rights of the Plaintiffs.

**First Claim for Relief**

18. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

   a. In violation of 15 U.S.C. 1692c(a)2, the Defendant communicated with the Plaintiff, Catherine J. LaBrec, in connection with the collection of a consumer debt after learning that the Plaintiff was represented by an attorney and knew, or could readily ascertain, the attorney's name and address.

   b. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included contacting a consumer who Defendant knows, or can readily ascertain, is represented by counsel.

   c. In violation of 15 U.S.C. § 1692e (2)(A), the Defendant used false representations of the character, amount and legal status of the Debt.

    d.    In violation of 15 U.S.C. 1692e(8) the Defendant failed to report that the Debt is disputed to the credit reporting agencies.

    e.    In violation of 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of the Debt.

    f.    In violation of 15 U.S.C. § 1692f, CreditOne used unfair or unconscionable means to collect or attempt to collect a consumer debt which means included continuing to collect a Debt despite receiving evidence of an accord and satisfaction, and communicating with a consumer who was represented by counsel.

19. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiffs for statutory damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

20. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a.    In violation of Tex. Fin. Code § 392.301(a)(8), the Defendant threatened to take (and/or did take) an action prohibited by law.

    b.    In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character, extent or amount of a consumer debt.

    c.    In violation of Tex. Fin. Code § 392.304(a)(19), the Defendant used false representations in the collection of a consumer debt.

21. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiffs for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### Third Claim for Relief

22. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

23. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

24. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiffs for injunctive relief and reasonable attorney's fees. Pre-suit notice of Plaintiffs' claim is not required, as Plaintiffs do not seek economic damages pursuant to Tex. Bus. & Com. Code Ann. § 17.50(b)(1).

### Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DTPA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d).

4. Grant such further relief as deemed just.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050
714 W. Magnolia
Fort Worth, Texas 76104
817-348-8325
817-348-8328 Facsimile

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

>                    Respectfully submitted,
>
>                    _____
>                    Jerry J. Jarzombek
>                    Texas Bar No. 10589050
>
>                    714 W. Magnolia
>                    Fort Worth, Texas 76104
>                    817-348-8325
>                    817-348-8328 Facsimile

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

RECEIVED
U.S. DISTRICT COURT
NORTHERN DIVISION
FORT WORTH DIVISION

2009 SEP -4 PM 12: 26

CLERK OF COURT

## I. (a) PLAINTIFFS
Catherine A. LaBrec and David J. LaBrec

**DEFENDANTS**
CreditOne, LLC

(b) County of Residence of First Listed Plaintiff: **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek; 714 W. Magnolia Ave.; Fort Worth, TX 76104; 817-348-8325

Attorneys (If Known)

4-09 CV-523-A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq

Brief description of cause:
Unlawful debt collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____  DOCKET NUMBER _____

DATE: 09/04/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # FW490  AMOUNT 350  APPLYING IFP _____  JUDGE A  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: **4-09 CV-523-A**

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____   DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.